UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANE DOE, et al.,

    Plaintiffs,

v.                              CASE NO. 8:17-cv-1678-T-23TGW

UNITED STATES OF AMERICA
and PINELLAS COUNTY
SCHOOL BOARD,

    Defendants.
_____/

**ORDER**

Five times in January and February 2015, a Marine Corps ROTC instructor at Clearwater High School raped Jane Doe, a sixteen-year-old student and ROTC cadet. In November 2015, a state court adjudicated the instructor, James Knuckles, guilty of "unlawful sexual activity with a minor" under Section 794.05, Florida Statutes. Jane Doe and her parents sue (Doc. 4) the United States and the Pinellas County School Board for negligent hiring and supervision (counts one and three) and assault (counts two and four allege the defendants' "vicarious liability" for the rape). Finally, Jane Doe's parents claim a loss of consortium (counts five and six).

The complaint attempts to invoke jurisdiction under the Federal Tort Claims Act,[1] which confers jurisdiction over a claim against the United States that results from a federal employee's tort within "the scope of [the employee's] office or employment."[2] Arguing that the Federal Tort Claims Act excludes jurisdiction in this circumstance and that the complaint fails to state a claim, the United States moves (Doc. 14) to dismiss under Rules 12(b)(1) and (6), Federal Rules of Civil Procedure. The plaintiffs oppose (Doc. 19) dismissal under Rule 12(b)(6) but offer no response to the jurisdictional argument.

## DISCUSSION

### I. Claims against the United States

A federal court can entertain a claim against the United States only if the United States waives sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citing *United States v. Sherwood*, 312 U.S. 584, 586–87 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction.") (internal citations omitted)). For three reasons, the plaintiffs fail to invoke jurisdiction under the Federal Tort Claims Act.

---

[1] The complaint identifies no federal question other than under the Federal Tort Claims Act.

[2] Also, the complaint cites the Mandamus Act, which confers jurisdiction to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The complaint, which requests only monetary relief, fails to invoke mandamus jurisdiction, and the plaintiffs' opposition (Doc. 19) omits mentioning mandamus.

First, for "any claim arising out of assault [or] battery" Section 2680(h) of the Federal Tort Claims Act revokes the sovereign-immunity waiver in Section 1346(b)(1). This "intentional-tort exception" applies even if a plaintiff injured by a federal employee's assault or battery alleges that the United States' "negligent supervision" or "negligent hiring" proximately caused the injury. *United States v. Shearer*, 473 U.S. 52 (1985) (holding that the Section 2680(h) withdraws the United States' waiver of immunity for a negligent-supervision claim that "arose from" an employee's battery). Because the claims in this action "aris[e]" from Knuckles' assault and battery, the plaintiffs fail to invoke jurisdiction under the Federal Tort Claims Act. *See JBP Acquisitions, LP v. United States*, 224 F.3d 1260, 1263–64 (11th Cir. 2000) ("If the alleged conduct falls within one of [the Federal Tort Claims Act's] statutory exceptions, the court lacks subject-matter jurisdiction.").

Second, the Federal Tort Claims Act withdraws immunity for only a tort "within the scope of" the federal employee's "office or employment." The complaint alleges rape, which falls outside the scope of a high-school instructor's (or anyone else's) "office or employment." *See, e.g.*, *City of Green Cove Springs v. Donaldson*, 348 F.2d 197 (5th Cir. 1965) (applying Florida law); *Iglesia Cristiana La Casa Del Senor, Inc. v. L.M.*, 783 So. 2d 353 (Fla. 3d DCA 2001) (per curiam); *Martin v. United Sec. Serv., Inc.*, 373 So. 2d 720 (Fla. 1st DCA 1979) (per curiam).[3] Under Section 228 of the *Restatement (Second) of Agency*, the "scope of employment" depends

---

[3] Under Section 1346(b)(1) of the Federal Tort Claims Act, Florida tort law governs the plaintiffs' claims in this action.

whether the employer authorized either the allegedly tortious act or similar behavior, whether the employee acted "within the authorized time and space limits," and whether the act furthered a purpose of the employer. Neither the United States nor the School Board authorized rape, which furthered no purpose of either the United States or the School Board. And the rape occurred off the campus of Clearwater High School. (Doc. 4 at ¶ 35) Not within the scope of Knuckles' employment, the rape establishes no waiver of the United States' immunity.

Third, the Federal Tort Claims Act confers jurisdiction only if an employee of the United States commits the tort. Although the complaint repeats several times the conclusion that the United States "employed" Knuckles, insufficient facts support the conclusion. "Employment" requires that the United States "control[] and supervise[] the day-to-day activities of the" person. *Means v. United States*, 176 F.3d 1376, 1379 (11th Cir. 1999) (affirming a grant of summary judgment) (citing *Logue v. United States*, 412 U.S. 521 (1973), and *United States v. Orleans*, 425 U.S. 807 (1976)). Rather than allege facts that show the United States' control over Knuckles' daily activities, the complaint alleges, for example, that Knuckles attended an "annual" training course taught by the United States. (Doc. 4 at ¶ 56) Also, the complaint alleges that the School Board hired Knuckles (Doc. 4 at ¶ 95), which belies the conclusion that the United States employed Knuckles. Additionally, the complaint emphasizes that the United States (through the Department of Defense) sets the ROTC curriculum, but the Marine Corps' establishment of "general program guidelines" fails to convert

Knuckles — a high-school instructor hired by the School Board — into a federal employee. *See Cavazos v. United States*, 776 F.2d 1263 (5th Cir. 1985) (Politz, J.) (affirming that an ROTC instructor fails to qualify as an employee of the United States).[4]

**II. Claims against the School Board**

The School Board moves (Doc. 9) to dismiss under Rule 12(b)(6) the state-law claims against the School Board but submits no argument about jurisdiction. The Eleventh Circuit instructs that a "federal court is obligated to inquire into subject[-]matter jurisdiction *sua sponte* whenever [jurisdiction] may be lacking." *Univ. of South Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

The plaintiffs attempt to invoke "pendant [sic] jurisdiction" (Doc. 4 at ¶ 1) over the state-law claims against the School Board. Section 1367(a) confers supplemental jurisdiction over a state-law claim closely "related" to a claim within the district court's "original jurisdiction." But if no claim successfully invokes "original jurisdiction," Section 1367(a) confers no jurisdiction to adjudicate the purportedly "supplemental" claim. *Moore's Federal Practice* explains:

> [I]f the federal claim was dismissed for lack of subject matter jurisdiction, the district court has no discretion to retain the supplemental claims for adjudication. The dismissal means that there

---

[4] The plaintiffs fail to move for leave to amend the complaint to allege facts sufficient to show that the United States employed Knuckles. Even if requested, an amendment is futile because the "intentional-tort exception" and the "scope-of-employment" requirement exclude jurisdiction over the claims against the United States. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that an order need not grant leave to submit a "futil[e]" amendment).

- 5 -

> never was a valid claim within the court's original jurisdiction to
> which the state claims may be supplemental.

Vol. 16, § 106.66(1) (3d ed. 2017).  Even if Section 1367 confers supplemental jurisdiction over the claims against the School Board, in this instance comity compels declining to exercise jurisdiction.  *See L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984) ("[I]f the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims.").

## CONCLUSION

In this circumstance the Federal Tort Claims Act excludes subject-matter jurisdiction over the claims against the United States, and the plaintiffs assert no other basis for federal jurisdiction.  The motion (Doc. 14) to dismiss the claims against the United States is **GRANTED**, and the claims (counts one, two, and six) are **DISMISSED**.  Because Section 1367 confers no jurisdiction over the state-law claims against the Pinellas County School Board, the claims (counts three, four, and five) are **DISMISSED**.  The clerk is directed to terminate the pending motion and to close the case.

ORDERED in Tampa, Florida, on November 3, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE